UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA BROWN-RODGERS,

    Plaintiff,

v.                                                                                    Case No. 2:12-cv-12962

DAVID BING, BLACK RACE, CHECK &                      Hon. Lawrence P. Zatkoff
GO, COMMUNITY MENTAL HEALTH
MICHIGAN, COPYRIGHT OFFICE,                              Mag. Judge Mark A. Randon
CORPORATE COUNCIL, DEPARTMENT
OF HUMAN SERVICES, CYPRESS DOE,
MIKE DOE, DAISEY EDWARDS,
PRENTIS EDWARDS, MERRY FOREST,
CATHY GARRETT, AUDREY GILBERT,
GUARDIAN ALARM, SUSAN HUBBARD,
DOUGLAS JONES, KATHLEEN MCDONALD,
COFFEY KINGSWORD, CATHY MAHER,
MASSEYS, MEDICARE, MEDICARE
FEDERAL, BENNIE NAPOLEON,
LIONEL NIOUS, BARACK OBAMA,
DOE OLLISON, OPM, DONALD PAGE,
RICHARD PAGE, PARKWAYS DEALERSHIP,
POST MASTER, PROTECTIVE SERVICES,
PROTETCTIVE SERVICE, RADIO STATION
107.5, DOE REED, JUDY STEMPIEN,
WATER BOARD, ALBERTA WHITFIELD,
DOE WILLIAMS, DOE WILLIAMS, AND
ROBERT ZILKOWSKI,

    Defendants.
_____/

## MOTION TO DISMISS

    Defendants, President Barack Obama, United States Postmaster General, United States Department of Health and Human Services, Centers for Medicare and Medicaid Services, the United States Copyright Office, the Office of Personnel Management, and Lionel Nious, by and through

their attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and Jan M. Geht, Trial Attorney, move this Court, pursuant to Fed.R.Civ.P. 12(b)(1) & 12(b)(6), for entry of an order dismissing the complaint.  The complaint fails to state a claim upon which relief can be granted as to all federal defendants because a federal employee and/or agency cannot be sued for a tort.  The Court lacks subject-matter jurisdiction over the tort claims even if the United States is substituted as a defendant because plaintiff failed to exhaust her administrative remedies under the Federal Torts Claims Act.  Finally, the complaint fails to state a claim upon which relief can be granted as to President Obama because the Court cannot order his impeachment.

Because of the short response time in removal cases, the undersigned has not been able to confer with Plaintiff whose telephone number is unknown.

>	Respectfully submitted,
>
>	BARBARA L. McQUADE
>	United States Attorney
>
>	  s/ Jan M. Geht
>	JAN M. GEHT
>	Trial Attorney
>	211 West Fort Street, Suite 2001
>	Detroit, MI  48226-3211
>	Phone: (313) 226-9641
>	E-Mail: jan.geht@usdoj.gov
>	Attorney Bar No.: DC 492147

Dated: July 11, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA BROWN-RODGERS,

  Plaintiff,

v.                 Case No. 2:12-cv-12962

DAVID BING, BLACK RACE, CHECK &  Hon. Lawrence P. Zatkoff
GO, COMMUNITY MENTAL HEALTH
MICHIGAN, COPYRIGHT OFFICE,  Mag. Judge Mark A. Randon
CORPORATE COUNCIL, DEPARTMENT
OF HUMAN SERVICES, CYPRESS DOE,
MIKE DOE, DAISEY EDWARDS,
PRENTIS EDWARDS, MERRY FOREST,
CATHY GARRETT, AUDREY GILBERT,
GUARDIAN ALARM, SUSAN HUBBARD,
DOUGLAS JONES, KATHLEEN MCDONALD,
COFFEY KINGSWORD, CATHY MAHER,
MASSEYS, MEDICARE, MEDICARE
FEDERAL, BENNIE NAPOLEON,
LIONEL NIOUS, BARACK OBAMA,
DOE OLLISON, OPM, DONALD PAGE,
RICHARD PAGE, PARKWAYS DEALERSHIP,
POST MASTER, PROTECTIVE SERVICES,
PROTETCTIVE SERVICE, RADIO STATION
107.5, DOE REED, JUDY STEMPIEN,
WATER BOARD, ALBERTA WHITFIELD,
DOE WILLIAMS, DOE WILLIAMS, AND
ROBERT ZILKOWSKI,

  Defendants.
_____/

**BRIEF IN SUPPORT OF**
**MOTION TO DISMISS**

## ISSUE

.	WHETHER PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AGAINST DEFENDANTS FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

# CONTROLLING AUTHORITIES

CASES:

*Allard v. Weitzman (In Re DeLorean Motor Co.)*, 991 F.2d 1236, 1239-40 (6th Cir. 1993)

*Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990)

*Anderson v. United States*, 761 F.2d, 527 (9th Cir. 1985)

*Chomic v. United States*, 377 F.3d 607, 610 (2004)

*Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006)

*Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181,183 (5th Cir. 1988)

*Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981)

*In re Lewis,* 398 F.3d 735, 739 (6th Cir. 2005)

*Insurance Company of North America v. United States Postal Service*, 675 F.2d 756 (5th Cir. 1982)

*Mars v. Hanberry*, 752 F.2d 254, 255-256 (6th Cir. 1985)

*McNeil v. United States*, 508 U.S. 106 (1993)

*Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)

*Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011)

*United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)

STATUTES AND OTHER AUTHORITIES:

U.S. Const., Art. II, § 4

28 U.S.C. § 1346(b),

28 U.S.C. §§ 2671-80

**INTRODUCTION**

This rather comprehensive lawsuit stems *inter alia* from Plaintiff's attempts to sue President Barack Obama, Mayor of Detroit David Bing, and the entire black race for discrimination. According to Plaintiff, "[t]he Black race, world-wide, has blasphemed me with nothing but vengeance and hate. Hate that comes from sheer, pure undulated jealousy, just sheer jealousy. . . . They hate me because I am a genius and I am the daughter of God and a prophet." (Docket No. 2-1, pg. 2). In addition to the claims of discrimination against the black race, and against President Obama and Mayor Bing as "leaders of the American black race," (*id.*), Plaintiff alleges a number of offenses against a plethora of defendants. The relief she is seeking ranges from impeachment of the President to stoning to death of her family members.

With regard to federal defendants, Plaintiff appears to seek to (1) impeach the President, (2) collect $100 billion from the Post Office, (3) collect $100 billion from the Centers for Medicare and Medicaid Services (twice), (4) collect $100 billion from the Department of Health and Human Services, (5) collect $100 billion from the United States Copyright Office, (6) fire Lionel Nious, (7) and collect $100 billion from the Office of Personnel Management.

The Court should dismiss the complaint, at least as to the federal defendants, because (a) Plaintiff cannot sue individual federal officers and/or agencies for alleged torts, (b) Plaintiff failed to exhaust her administrative remedies before suing various agencies for $100 billion, and (c) the President's impeachment lies outside of the Court's traditional powers of equity.[1]

---

[1] Should the Court deny the present motion, Defendants respectfully request an opportunity to file a motion to dismiss the complaint for lack of personal jurisdiction and/or insufficient service of process on behalf of some Defendants. Since a responsive pleading must

1

**STATEMENT OF FACTS**

*Allegations Against the United States Postal Service*

Plaintiff alleges that "the post office has repeatedly denied me my rights as a citizen of America and my rights as a postal customer–not properly giving me proper return receipts of registered mail nor answering [sic?] proper receipt of my mail sent to me." (Docket No. 2-1, pp. 4-5.)

Plaintiff alleges that "the post office never returned my registered return receipt from President Obama. They never returned my registered receipt for supervisor Cypress Doe and [ineligible] Doe's summons and return. How totally convenient." (Docket No. 2-1, p. 17.)

Plaintiff "want[s] the Post Office to pay me 100 billion dollars." (Docket No. 2-1, p. 22.)

*Allegations against the United States Department of Health and Human Services*

Plaintiff alleges that "[t]wice Dept of Human Services has tried to put me in a fraud [sic?]. . .." (Docket No. 2-1, p. 10.)

Plaintiff "want[s] Medicare and Dept of Human Service to pay me 100 billion dollars each." (Docket No. 2-1, p. 22.)

*Allegations against the Centers for Medicare and Medicaid Services*

Plaintiff alleges that "Medicare employees refused to give me public information." (Docket No. 2-1, p. 10.)

Plaintiff "want[s] Medicare and Dept of Human Service to pay me 100 billion dollars

---

be filed within 7 days of removal, Fed. R. Civ. P. 81(c)(2)(C), there is insufficient time to determine whether each of the federal defendants was properly served and/or whether the Court has personal jurisdiction over Mr. Nious who resides outside of the State of Michigan.

each." (Docket No. 2-1, p. 22.)  Plaintiff reiterated that she "want[s] Medicare to pay me 100 billion dollars."  (Docket No. 2-1, p. 23.)

*Allegations against the United States Copyright Office*

Plaintiff alleges that "[t]he copywrite [sic] office tried to lie on me & said I submitted "Free Spirit" which I never did."  (Docket No. 2-1, p. 10.)

Plaintiff "want[s] the copy write office to pay me 100 billion [dollars]."  (Docket No. 2-1, p. 22.)

*Allegations against Lionel Nious*

Plaintiff alleges that "Lionel Nious of Dept of Civil Rights said my civil rights had not been violated and would not help me after MPRO sent him my allegations against BCOM hospital–he read affidavits where I said I had been raped by a technician there and treated without dignity and respect.  Mr. L. Nious is black."  (Docket No. 2-1, p. 10.)

Plaintiff "want[s] Lionel Nious fired from the Civil Rights Commission."  (Docket No. 2-1, p. 23.)

*Allegations against President Obama*

Plaintiff alleges that "President Obama never sent me back my summons and return, with return receipt by registered mail to me, even though I sent him a certified check for $20.00 for sending the information back tome by registered mail, return receipt.  I even sent him a filled out registered form, addressed to me from him.  He totally ignored me like everyone else has in authority."  (Docket No. 2-1, pp. 16-17.)

Plaintiff is "asking that President Obama . . . be impeached."  (Docket no. 2-1, p. 17.)

*Allegations against the Office of Personnel Management*

The Office of Personnel Management is unable to decipher what improprieties it is alleged to have done, but the Plaintiff "want[s] Office of Personnel Management to pay me 100 billion [dollars.]" (Docket No. 2-1, p. 23.)

## **LEGAL STANDARD**

A motion under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis,* 398 F.3d 735, 739 (6th Cir. 2005). A court must consider a 12(b)(1) motion prior to other challenges since proper jurisdiction is a prerequisite to determining the validity of a claim. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Plaintiff bears the burden of persuading the court that subject matter jurisdiction exists in the case. *Id.*

A motion under Rule 12(b)(6) tests whether a cognizable claim has been pleaded in the complaint. In assessing a 12(b)(6) motion, the district court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of acts in support of his claims that would entitle him to relief." *Allard v. Weitzman (In Re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993).

**ARGUMENT**

PLAINTIFF'S COMPLAINT SHOULD BE
DISMISSED FOR LACK OF SUBJECT MATTER
JURISDICTION AND BECAUSE IT FAILS TO
STATE A CLAIM UPON WHICH RELIEF CAN
BE GRANTED.

Plaintiff's action against named federal defendants should be dismissed under Rules 12(b)(1) and (b)(6) for three reasons. First, the United States of America is the proper defendant in an action brought against the federal government for negligence. Second, plaintiff claims are barred by sovereign immunity under the Federal Torts Claims Act ("FTCA"). Third, the Court may not impeach the President.

1.  *Named Federal Defendants are not a Proper Party Defendant*

Under the FTCA,[2] 28 U.S.C. §§ 1346(b), 2671-80, the United States is the only proper defendant in a suit alleging a state tort claim, such as negligence, based on the actions of a federal agency or employee. *See* 28 U.S.C. § 2679(a). "Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (naming "United States Post Office" as defendant in an FTCA action results in a fatal lack of jurisdiction); *Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181, 183 (5th Cir. 1988) ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."); *Mars v. Hanberry*, 752 F.2d 254, 255-256 (6th Cir. 1985) (naming of federal employees as defendants in

---

[2]Plaintiff does not explain what legal theory she is pursuing in this case. The federal defendants construe all of her allegations as alleging state tort claims.

FTCA action makes the complaint jurisdictionally defective).

The FTCA thus does not provide a jurisdictional basis for the plaintiff's claims against Defendants President Barack Obama, United States Postmaster, United States Department of Health and Human Services, Centers for Medicare and Medicaid Services, the United States Copyright Office, the Office of Personnel Management, and Lionel Nious.  Furthermore, the plaintiff has not identified any other federal statute or law that would establish subject matter jurisdiction in this case.

2.      *Plaintiff's Claims are barred by Sovereign Immunity*

a.      Alleged Torts Committed by All Federal Defendants

The United States, as sovereign, is immune from suit unless it consents to be sued. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).  "A corollary to this doctrine of governmental immunity is that, when the United States consents to be sued, Congress may define the conditions under which suits will be permitted." *Id*.  The FTCA provides, in pertinent part, that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). *See also Chomic v. United States*, 377 F.3d 607, 610 (2004).  The Supreme Court explained that this limiting provision:

> is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims....
>
> We should also have in mind that the Act waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended....

> Neither, however, should we assume the authority to narrow the waiver that Congress intended.

*Chomic*, 377 F.3d at 610 (quoting *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)).

Since Plaintiff has never presented any of her claims to the appropriate federal agency (nor does she allege that he has done so), her complaint must be dismissed for lack of subject-matter jurisdiction. *McNeil v. United States*, 508 U.S. 106 (1993).

    b.    <u>Alleged Torts Committed by the Postal Service</u>

In addition to the general application of the sovereign immunity, discussed above, a specific statutory bar exists to any claims against the Postal Service.

"Because the United States Postal Service is an 'independent establishment of the executive branch of the Government of the United States,' with 'significant governmental powers' it 'enjoys federal sovereign immunity absent a valid waiver.'" *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011) ( citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006)). The FTCA waives sovereign immunity and allows private individuals to sue the United States for torts claims arising out of certain activities of the Postal Service. 28 U.S.C. § 1346(b)(1). However, this waiver is limited. Congress specifically excluded tort actions arising from negligent mail delivery from the FTCA. The FTCA does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."28 U.S.C. §2680(b) *Id*. Tort claims against the United States arising out of the "negligent transmission of letter or postal matter" are not actionable. *Anderson v. United States*, 761 F.2d, 527 (9th Cir. 1985); *Insurance Company of North America v. United States Postal Service*, 675 F.2d 756 (5th

Cir. 1982).

This court lacks subject matter jurisdiction because the plaintiff's claim for damages is based upon the alleged negligent mail delivery by postal employees.

3. *The Court Cannot Impeach the President*

Aside from seeking monetary damages and seeking to fire a federal employee, Plaintiff wants to impeach President Obama. Regardless of how one construes Plaintiff's allegations against the President, it axiomatic that the Court lacks the power to impeach the President as that power is reserved solely for Congress. U.S. Const., Art. II, § 4.

## CONCLUSION

In light of the foregoing, it is respectfully requested that plaintiff's suit be dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

    Respectfully submitted,

    BARBARA L. McQUADE
    United States Attorney

     *s/ Jan M. Geht*
    JAN M. GEHT
    Trial Attorney
    Attorneys for Defendants
    211 West Fort Street, Suite 2001
    Detroit, MI  48226-3211
    Phone: (313) 226-9641
    E-Mail: jan.geht@usdoj.gov
    Attorney Bar No.: DC 492147

Dated: July 11, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2012, I electronically filed the foregoing paper, with all the accompanying documents, with the Clerk of the Court using the ECF system to all counsel of record and mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

>Barbara Brown-Rodgers
>Plaintiff Pro Se
>5324 McClellan
>Detroit, MI  48213
>
>Karen B. Berkery
>Kristen L. Cook
>KITCH DRUTCHAS WAGNER
>VALITUTTI & SHERBROOK
>One Woodward Avenue
>Suite 2400
>Detroit, MI 48226

>  *s/Lilliana Nicely*
> LILLIANA NICELY
> Legal Assistant
> Office of United States Attorney
> for Eastern District of Michigan