UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA BROWN-RODGERS,

    Plaintiff,

    v.                                                                                       Case No. 12-12962
                                                      Hon. Lawrence P. Zatkoff

DAVID BING, BLACK RACE, CHECK & GO,
COMMUNITY MENTAL HEALTH MICHIGAN,
COPYRIGHT OFFICE, CORPORATE COUNCIL,
DEPARTMENT OF HUMAN SERVICES,
CYPRESS DOE, MIKE DOE, DAISEY EDWARDS,
PRENTIS EDWARDS, MERRY FOREST, CATHY
GARRETT, AUDREY GILBERT, GUARDIAN
ALARM SUSAN HUBBARD, DOUGLAS JONES,
KATHLEEN MCDONALD, COFFEY KINGSWORD,
CATHY MAHER, MASSEYS, MEDICARE,
MEDICARE FEDERAL, BENNIE NAPOLEAN,
LIONEL NIOUS, BARACK OBAMA, DOE OLLISON,
OPM, DONALD PAGE, RICHARD PAGE,
PARKWAYS DEALERSHIP, POST MASTER,
PROTECTIVE SERVICES, RADIO STATION 107.5,
DOE REED, JUDY STEMPIEN, WATER BOARD,
ALBERTA WHITFIELD, DOE WILLIAMS, and
ROBERT ZILKOWSKI

    Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February __, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants' Motions to Dismiss [dkt 3, 5, 8, 11, 14, 15, 17,

19, 22, 25, 26]. Plaintiff has not responded to Defendants' motions, and the time period for her to do so

has lapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that Defendants' motions be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motions are GRANTED.

## II. FACTUAL BACKGROUND

On May 1, 2012, Plaintiff, proceeding *pro se*, filed this case against Defendants in the Wayne County Circuit Court. Defendants removed to this Court on July 6, 2012.[1] Though largely illegible, Plaintiff's lengthy, handwritten complaint contains a single narrative statement in which she makes generalized claims that, for most of her adult life, she has been discriminated against by citizens and law enforcement officials in the City of Detroit including Mayor Bing, federal government officials including President Obama, and other, unrelated entities.

Several, though not all, Defendants filed motions to dismiss, stating, among other arguments, that Plaintiff's complaint and accompanying documentation fail to state a claim upon which the Court may grant relief. *See* dkt. 3, 5, 8, 11, 14, 15, 17, 19, 22, 25, 26. Plaintiff did not respond to Defendants' individual motions to dismiss.[2]

## III. LEGAL STANDARD

**A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all

---

[1] Plaintiff filed an amended complaint on July 12, 2012, though this complaint appears largely identical to the state court complaint. Plaintiff additionally filed several other documents seeking to add "amendments" and "new complaints" to her complaint. The nature of the amendments is not discernable from Plaintiff's filings, and Plaintiff never sought the Court's leave before filing the amendments. Therefore, the Court will not consider these amendments. *See* Fed. R. Civ. P. 15(a).

[2] Plaintiff filed several Motions to "Not Dismiss" [dkt 7, 10, 20, 24, 27, 32]. These motions, however, do not appear to specifically reference any of the arguments contained in Defendants' individual Motions to Dismiss.

2

factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id*. at 556. *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

**B. FEDERAL RULE OF CIVIL PROCEDURE 8(A)**

A claim for relief must contain a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). By this standard, a plaintiff is tasked only with supplying "fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555).

Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 129 S.Ct. at 1949. *See also Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1131 (9th Cir. 2008) (finding that a complaint may be dismissed with prejudice under Rule 8 if

3

the complaint is "so verbose, confused, and redundant that its true substance, if any, is well disguised.") (quoting *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969)).

### IV. ANALYSIS

After liberally construing Plaintiff's complaint and accompanying documents, the Court finds that Plaintiff has failed to state a claim upon which the Court may grant relief; failed to adequately respond to Defendants' motions to dismiss; and otherwise failed to abide by the pleading standards set forth in Fed. R. Civ. P. 8. As such, Plaintiff's Complaint must be dismissed.

Plaintiff's more than 200-page Complaint is incoherent, illegible, and disorganized. As best the Court can surmise, Plaintiff alleges that the "Black race, world-wide, has blasphemed [her] with nothing but vengeance and hate" stemming from "sheer, pure undulated [sic] jealousy, just sheer jealousy[.]" *See* dkt. 2, ex. 1 at 2. According to Plaintiff, the "black race" hates her because she is "a genius and [] the daughter of God and a prophet." *Id.* In addition to the claims of discrimination against the "black race," and against President Obama and Mayor Bing as "leaders of the American black race," Plaintiff appears to allege a number of offenses against the other Defendants, apparently motivated by what she perceives as their lack of cooperation in helping her pursue her claims against President Obama. For instance, Plaintiff alleges that:

A. Defendant Wayne County Sheriff Benny Napoleon never returned her telephone calls seeking his "expertise" in her "law suit against President Obama and the black race";

B. Defendant Wayne County Clerk Cathy Garrett never acknowledged Plaintiff as an attorney and never returned her calls;

C. Defendant Probate Judge Cathy Maher did not let Plaintiff finish her testimony during a hearing for involuntary mental health treatment, after Plaintiff stated that she was a genius.

Given the length and incoherence of Plaintiff's complaint, it is therefore neither "short," nor "plain," but rather lengthy and ambiguous as to Plaintiff's causes of action and factual allegations. *See* Fed. R. Civ. P. 8(a). Plaintiff's complaint is not "simple, concise, and direct," but instead a vague

4

narrative statement containing unsupported statements of wrongdoing without any description of who committed such wrongdoing, how it was committed, or why it constitutes a cognizable cause of action. *See* Fed. R. Civ. P. 8(d)(1). Moreover, Plaintiff does not state her claims in numbered paragraphs limited in any way to a single set of circumstances. *See* Fed. R. Civ. P. 10(a).

Turning to the substance of the Complaint, the Court finds that Plaintiff has failed to state a claim because the Court cannot determine the basis of her allegations against Defendants and it is difficult, if not impossible, to determine the factual elements of any cognizable cause of action. First, to illustrate, the Court notes among the nearly 200 pages of documents Plaintiff attaches to her complaint are 30 pages comprising Plaintiff's artwork, song lyrics, and poetry. Yet Plaintiff does not discuss the significance of these documents. Second, Plaintiff states repeatedly that she is a genius and that Defendants have continued to cause harm to her by not recognizing or proclaiming her genius. Yet Plaintiff fails to establish how this claim is one upon which the Court may grant relief. Third, Plaintiff makes scattered references to "discrimination," yet does not allege the factual elements of a discrimination claim or, for that matter, what sort of discrimination she is claiming. Last, Plaintiff sets forth insufficient claims for redress. She appears to seek "relief" ranging from the impeachment of President Obama to the stoning to death of her family members. Again, however, Plaintiff provides no law or allegations to support these requests.

Plaintiff does not plead with sufficient specificity the relevant circumstances surrounding the alleged events that form the basis of her causes of action, failing even to allege when the purported acts occurred. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, the Court need not sort through pages of a rambling narrative to discern—much less speculate—what specific claims and legal theories Plaintiff asserts. Therefore, Plaintiff has failed to plead a plausible claim.

## V.  CONCLUSION

Accordingly, it is HEREBY ORDERED that Defendants Motions to Dismiss [dkt 3, 5, 8, 11, 14, 15, 17, 19, 22, 25, 26] are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE as against all Defendants.

IT IS SO ORDERED.

Date:   December 19, 2012

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE
